Richard H. Edwards, Esq. County Attorney, Franklin County
You ask whether a member of the Franklin County Legislature simultaneously may be the Executive Director of the Adirondack Park Local Government Review Board (review board).
The review boards exists for the purpose of "advising and assisting the Adirondack park agency in carrying out its functions, powers and duties" (Executive Law, § 803-a). Each of the twelve counties that are wholly or partly within the area covered by the Adirondack Park Agency Act (id., Art 27),* is entitled to name a member of the board. The participating counties are authorized to "provide for payment of [the board's] actual and necessary expenses incurred in the performance of their duties" (id., § 803-a [6]).
You have advised us that the practice among the twelve participating counties is to have Hamilton County appropriate an amount necessary to finance the board's work for a year and to reimburse the county for the share chargeable to each of the other counties. Franklin County's share for 1981 is $6,000.00. The Executive Director's salary is one of the expenses covered by the contributions from the participating counties. Thus, one-twelfth of the Executive Director's salary is covered by the Franklin County contribution, which, of course, is appropriated by the Franklin County Legislature of which the Executive Director is a member.
The question you ask is frequently expressed as a question of whether a "conflict of interest" is involved. This is a phrase that is loosely used to cover many different situations. One is dual office-holding where the problem is whether the two offices are incompatible. A related situation is one of dual employment, that is, simultaneously holding an office and a public job or two public jobs. These are not "dual officeholding", but the common law principle of incompatibility logically applies. In either situation, if the two positions are incompatible, a person cannot hold both simultaneously. True conflict of interest questions, however, involve discrete factual situations in which a public officer or employee has a personal interest in a matter that touches his position or his government. (See Article 18, General Municipal Law.) Normally, this involves the officer or employee's relationship to a private entity that does business with the government. In many cases the situation is one from which the officer or employee can insulate himself; in some cases the officer or employee may have to sever the connection with the private entity in order to remain in the government. In a practical sense, these are instances of incompatibility but they are not within the legal meaning of incompatibility.
The question you raise should be considered as a matter both of compatibility and of conflict of interest. The standard rule of compatibility derives from People ex rel Ryan v Green, 58 N.Y. 295
(1874): incompatibility exists if the two offices have inconsistent functions or if one is subordinate to the other. (Enclosed are copies of our informal opinions of May 29, 1980 and No. 81-55, exemplifying these situations.) We think that the precise situation in Franklin County involves neither inconsistent functions nor the subordination of one position to the other. Franklin County's function in relation to the review board is limited to choosing one of the members and to contributing a twelfth of the board's annual expenses. The work of the review board is to monitor and report on the administration and enforcement of the Adirondack Park land use and development plan and to make recommendations to the Governor, the Legislature and to the participating counties (Executive Law, § 803-a [7]). Clearly, the function of the review board is to represent the interests of the participating counties that are being regulated by a State agency. This is not inconsistent with the interests of the Franklin County Legislature of which the review board's Executive Director is a member.
The position of the Executive Director is "subordinate" to the Franklin County Legislature only in an attenuated sense. The Executive Director reports to the review board, one member of which was appointed by Franklin County. This is far removed from an employee reporting to a board on which he sits. Equally attenuated is the relationship between the appropriation of a sum that includes money for the Executive Director's salary, which is determined by the review board, not by the county legislature.
There are, however, relationships between the Executive Director wearing that hat and his county legislator's hat. For example, he would be well-advised either to abstain from voting on the appropriation resolution or to explain his vote by noting his personal interest in the resolution (cf. General Municipal Law, § 803). The Executive Director should be careful when particpating in discussions at county meetings concerning the Adirondack Park Agency not to reveal confidential information that he acquired as Executive Director (id., § 805-a[1][b]).* In his work as Executive Director, he should delegate to another employee decisions on review board activities that could favor Franklin County over the other participating counties. In the nature of the work of the review board, this appears a remote possibility and thus not likely to result in the practical incompatibility discussed earlier. In short, we think it not improper for the Executive Director/county legislator to hold both positions since he can avoid conflicts of interest in the rare instances that might arise.
We note that Article 18 of the General Municipal Law requires counties to adopt codes of ethics (§ 806[1]). The same section permits other units to adopt codes of ethics. We do not know whether the review board has adopted one or whether the board considers itself bound by section74 of the Public Officers Law*. In any event, we do not pass on the propriety of a course of action that may be governed by a local code of ethics.
We conclude that one person may simultaneously serve as a county legislator and as the Executive Director of the Adirondack Park Local Government Review Board so long as he avoids conflicts of interest in discrete situations as they may arise.
* There are two Articles 27 of the Executive Law.
* See also, Public Officers Law, § 74(3)(c). We do not address the question of whether the review board is a State agency subject to section 74, the Code of Ethics for State officers and employees.